The order appealed from should be affirmed as to the second defense, without costs.

[NEW YORK GENERAL TERM, May 5, 1862. *Ingraham, Leonard* and *Rosekrans,* Justices.]

---

### WETMORE *vs.* BROWN and others.

A trustee, who holds the title to property by conveyance from a debtor or borrower of money, in trust to secure a creditor or lender, where no compensation is provided in the conveyance, and no service is performed, or liability incurred, by the trustee, under his powers in the deed, and no request to act as trustee is made by the borrower, can have no recourse to the borrower or debtor by action for commissions or compensation, although the trustee accepted the trust, if the original demand so secured has been voluntarily paid by the debtor, without any resort to the security.

In case the trustee has advertised the property for sale, and incurred expenses and rendered services in respect thereto, by the direction of the creditor, when nothing was due or payable by the terms of the conveyance, the trustee must look to the party who gave him his instructions, for the payment of such services and expenses, and not to the borrower.

APPEAL from a judgment entered upon the report of referees. The action was brought to recover commissions for the services of the plaintiff in executing a certain trust. In 1847 the United States entered into a contract with E. K. Collins and others to convey the mails between Liverpool and New York, in steamships to be constructed, and agreed to advance $385,000 to aid in building the ships. (*Laws of U. S.* 1848, *chap.* 121.) In 1850 the government extended the time of payment of the $385,000 for ten years, providing for retaining that amount by quarterly reservation from the moneys earned under the contract in carrying the mails. (*Laws of* 1851, *chap.* 34.) Collins and associates assigned their contract to the defendants, who took it as trustees for

an association to be incorporated, and to whom they assigned the contract. (*Laws of N. Y.*, 1849, *chap.* 407.) In the interim the defendants mortgaged two steamships, the Atlantic and Pacific, to the plaintiff, as trustee for the government, to secure the repayment of such advance, so far as not retained out of the mail pay. The plaintiff was navy agent at New York, at the time the mortgage was executed. There never was any breach in the performance of the condition of the mortgage. On the contrary, the repayment of the moneys advanced by the government was admitted. The plaintiff, however, claimed that the mortgagors were bound to pay him for his services as trustee, sixteen thousand eight hundred dollars. He never paid over any part of the advance, except $50,000 which he paid while navy agent. On his going out of office the balance of the advance was paid over by his successor. He merely held the title, refiled the mortgage, and advertised the ship for sale at one time, prior to this action, when the government erroneously claimed something as due on the mortgage.

The mortgage was silent in respect to the compensation of the trustee.

The referees reported in favor of the defendant, and the plaintiff appealed.

*S. V. R. Cooper,* for the appellant.

*Clarkson N. Potter,* for the respondents.

*By the Court,* LEONARD, J. The plaintiff claims to recover a reasonable compensation from the defendants for services as a trustee, under a deed, whereby two steamships were conveyed to him by the defendants to secure a sum of money to be advanced by the United States to them, to be used in the construction of the steamships, and to be repaid by the defendants, at certain periods; and if default should be made in the payments, the plaintiff was, when required

by the secretary of the navy, to sell the steamships, and from the proceeds pay the expenses of the sale, the advances of the government, and the remainder to the defendants.   No provision was made in the deed for the payment of any compensation to the trustee.   The debt to the United States has all been paid, without any sale of the ships, and no funds arising from the trust have ever come to the hands of the plaintiff as trustee.   The plaintiff has never exercised any of the powers or duties which devolved upon him in the contingency mentioned in the deed.

In such case no personal liability is cast upon the defendants to pay a compensation to the trustee.   His recourse, if any, as to the defendants or the property in his hands, has at all times depended upon funds coming to his hands by virtue of the trust.   He renders no service to the defendants or to the estate, and no compensation is earned, except in that event.   Merely holding the title of the ships requires no service, and involves no liability against which the trustee is not fully indemnified by the property in his hands.   Had the plaintiff expected a compensation to be paid by these defendants for holding title merely, he should have mentioned it before the trust deed was executed, and had a clause inserted so as to carry out his wishes, if the defendants were willing to consent.

There is nothing in the case tending to show that the defendants requested the plaintiff to become trustee, or from which a promise to pay him commissions can be implied, except in the case of the plaintiff being lawfully required to sell the steamships, under the provisions of the deed, and then the fund would be answerable.

It is stated, however, that the plaintiff was required by the secretary of the navy to advertise and sell under the deed ; that the plaintiff has done so, and has necessarily incurred an expense of two or three thousand dollars.   It is conceded that the debt to the United States has all been paid, and it is not in evidence that any installment was in fact due or

unpaid when the requisition was made by the secretary. If the requisition was unauthorized, the plaintiff must look to those only who directed the proceeding. Before the defendants can be made chargeable for those expenses, it must be proven that they were in default.

The plaintiff also insists upon his right to commissions upon one of the installments of the loan advanced by the government to the defendants, amounting to $50,000, which passed through his hands.

The plaintiff was no broker or agent of the defendants to obtain the loan. He received the money as an agent or officer of the government, and paid it to the defendants in his capacity as such government officer. The government was the lender, bound to place the whole sum loaned into the hands of the borrowers, or subject to their orders, without any charge or deduction made by their own agents.

We think there is no personal liability resting on the defendants.

The judgment must be affirmed, with costs.

[NEW YORK GENERAL TERM, May 5, 1862. *Ingraham, Leonard* and *Clerke*, Justices.]